**Pablo Felipe Moran GARCIA, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 12–73260.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 21, 2014.*

Filed Jan. 27, 2014.

Pablo Felipe Moran Garcia, Garden Grove, CA, pro se.

---

* The panel unanimously concludes this case is suitable for decision without oral argument.

Jesse Lloyd Busen, OIL, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: CANBY, SILVERMAN, and PAEZ, Circuit Judges.

## MEMORANDUM **

Pablo Felipe Moran Garcia, a native and citizen of Mexico, petitions pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his request for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance and review de novo due process claims. *Sandoval–Luna v. Mukasey,* 526 F.3d 1243, 1246 (9th Cir.2008) (per curiam). We deny the petition for review.

The agency did not abuse its discretion in denying Moran Garcia's request for a continuance so that he could testify in his sons' removal proceedings where Moran Garcia did not show good cause for a continuance. *See* 8 C.F.R. § 1003.29 (an immigration judge may grant a motion to continue for good cause shown); *see also Sandoval–Luna,* 526 F.3d at 1247. It follows that his due process challenge to the agency's denial also fails. *See Lata v. INS,* 204 F.3d 1241, 1246 (9th Cir.2000)

*See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

(petitioner must show error and prejudice to prevail on a due process claim).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.